1

2

3                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
4                                    AT TACOMA

5
     PAUL McGARRY, by LAURA J.
6    McGARRY, As Next Friend of Paul
     McGarry,
7
                                                    No. 12-5199 RBL/KLS
                            Petitioner,
8
            v.                                      ORDER TO AMEND OR SHOW CAUSE
9
     SHERIFF PAUL A. PASTOR, FRANK
10   KRALL, JOHN W. FELLEISEN, and JUDY
     SNOW,
11
                            Respondents.
12

13
            This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28
14
     U.S.C. § 636(b)(1), Local Rules MJR 3 and 4.  Petitioner, Paul McGarry, by Laura McGarry as
15
     "Next Friend" has filed a Petition for Writ of Habeas Corpus (ECF No. 1) and Emergency
16
     Motion to Expedite Writ of Habeas Corpus (ECF No. 4.).  The Court declines to serve the
17
     petition because it is deficient and the motion for emergency expedition of the petition shall be
18
     denied.  Petitioner is advised as follows:
19
                                        **DISCUSSION**
20
            Paul McGarry is currently charged with malicious mischief in the second degree in Pierce
21
22   County Superior Court Case No. 12-1-00366-3.  ECF No. 1.  On January 31, 2012, the Pierce

23   County Superior Court ordered that Mr. McGarry be examined by staff of Western State

24   Hospital.  ECF No. 1-1, pp. 1-3.  On March 1, 2012, the Pierce County Superior Court ordered

25   that Mr. McGarry be committed to Western State for a period not to exceed ninety days to

26

     ORDER TO AMEND OR SHOW CAUSE- 1

undergo evaluation and treatment to restore his competency to proceed to trial.  ECF No. 1-2, pp.

1-4.  Mr. McGarry is represented by counsel in this on-going state court proceeding.  *Id.*

On March 6, 2012, Laura McGarry, who is not an attorney, attempted to file a habeas

petition on behalf of Mr. McGarry challenging the orders of the Pierce County Superior Court.

Mr. McGarry did not sign the petition nor is known whether he is aware that the petition was

filed.  Non-lawyers may not purport to act on someone else's behalf.  Furthermore, a person

represented by counsel cannot appear or act in his own behalf.  *See* GR 2(g)(1), Local Rules of

W.D. Wash.

Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall be in

writing, signed and verified by the person for whose relief it is intended or by someone acting on

his behalf.  Rule 2(c)(5) of the Rules Governing § 2254 cases in the United States District

requires that the petition be signed under penalty of perjury by the petitioner.  The clear

implication of these rules is that a petitioner, or someone legally acting on petitioner's behalf

with knowledge of the contents of the petition, such as an attorney, must sign and verify the

petition.  The signature requirement of Rule 2(c)(5) of the federal habeas corpus rules serves not

only to assure that the contents of the petition are verified under oath, but also to indicate that the

filing of the petition itself was authorized by its purported petitioner.  *See, e.g., Deutscher v.

Angelone*, 16 F.3d 981, 982-84 (9th Cir.1984).  Here, the petition is signed by Mr. McGarry's

mother, but there is no indication that Mr. McGarry has authorized her to act on his behalf and

she is not an attorney.

In addition, this habeas petition challenges the propriety of ongoing proceedings in Pierce

County Superior Court.  Generally, federal courts will not intervene in a pending criminal

proceeding absent extraordinary circumstances where the danger of irreparable harm is both

ORDER TO AMEND OR SHOW CAUSE- 2

great and immediate.  See *Younger v. Harris*, 401 U.S. 37, 45  46 (1971);  see also *Fort Belknap*

*Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49

(1995) (abstention appropriate if ongoing state judicial proceedings implicate important state

interests and offer adequate opportunity to litigate federal constitutional issues); *World Famous*

*Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987)(Younger abstention

doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding;

(2) implication of an important state interest in the proceeding;  and (3) an adequate opportunity

to raise federal questions in the proceedings).

      Only in the most unusual circumstances is a petitioner entitled to have the federal court

intervene by way of injunction or habeas corpus before the jury comes in, judgment has been

appealed from and the case concluded in the state courts.  *Drury v. Cox*, 457 F.2d 764, 764 65

(9th Cir.1972).  See *Carden v. Montana*, 626 F.2d 82, 83 84 (9th Cir.), *cert. denied*, 449 U.S.

1014 (1980).  Extraordinary circumstances exist where irreparable injury is both great and

immediate, for example where the state law is flagrantly and patently violative of express

constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual

circumstances that would call for equitable relief.  *Younger*, 401 U.S. at 46, 53-54.  There are no

extraordinary circumstances here warranting intervention by this Court in any ongoing state

proceeding.

      Moreover, Mr. McGarry's mother attempts to sue, purportedly on her son's behalf, the

prosecuting attorney and her son's assigned counsel.  However, neither of these parties are

proper respondents to a habeas petition.  The proper respondent to a habeas petition is the

"person who has custody over [the petitioner]."  28 U.S.C. § 2242; see also § 2243; *Brittingham*

*v. United States*, 982 F.2d 378 (9th Cir. 1992); *Dunne v. Henman*, 875 F.2d 244, 249 (9th Cir.

ORDER TO AMEND OR SHOW CAUSE- 3

1989).  According to the petition, Mr. McGarry is currently confined at the Pierce County Jail (or

temporarily at Western State Hospital for his competency evaluation).  Therefore, the proper

respondent is the individual in charge of the Pierce County Jail.

Due to the deficiencies described above, the Court will not serve the petition.  Petitioner

may file an amended petition curing, if possible, the above noted deficiencies, or show cause

explaining why this matter should not be dismissed no later than **April 10, 2012.**  If Petitioner

fails to do so or if the amended petition fails to cure the above-noted deficiencies, the Court will

recommend dismissal of this action.

Accordingly, it is **ORDERED**:

(1)     Petitioner shall file an amended petition or show cause why this matter
        should not be dismissed **on or before April 20, 2012.**

(2)     Petitioner's emergency motion to expedite writ of habeas corpus (ECF No.
        4) is **DENIED.**

(3)     The Court Clerk is directed to send a copy of this Order to Petitioner.


**DATED** this  13th  day of March, 2012.


Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE- 4