UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

PAUL McGARRY, by LAURA J. McGARRY, As Next Friend of Paul McGarry,

      Petitioner,

v.

MARTHA KARR, Chief of Corrections Pierce County Corrections,

      Respondent.

No. C12-5199 RBL/KLS

**REPORT AND RECOMMENDATION**
**Noted For: April 27, 2012**

On March 6, 2012, Laura McGarry filed a habeas petition in this Court on behalf of her son, Paul McGarry, who is a pre-trial detainee in the Pierce County Jail. ECF No. 1. She also filed an "Emergency Motion to Expedite Writ of Habeas Corpus". ECF No. 4. Upon review of the petition, this Court declined to serve the petition and denied the motion. ECF No. 6. However, the Court allowed Ms. McGarry an opportunity to show cause why the petition should not be dismissed or to file an amended petition. *Id.* Ms. McGarry filed an Amended Petition (ECF No. 7) on March 29, 2012 and an Emergency Motion to Vacate Pierce County Superior Court Order (ECF No. 8) on April 2, 2012. The amended petition suffers from the same deficiencies as the original. Accordingly, the undersigned recommends that this action be dismissed with prejudice.

**DISCUSSION**

Paul McGarry is currently charged with malicious mischief in the second degree in Pierce County Superior Court Case No. 12-1-00366-3. ECF No. 1. On January 31, 2012, the Pierce

REPORT AND RECOMMENDATION - 1

County Superior Court ordered that Mr. McGarry be examined by staff of Western State Hospital. ECF No. 1-1, pp. 1-3. On March 1, 2012, the Pierce County Superior Court ordered that Mr. McGarry be committed to Western State for a period not to exceed ninety days to undergo evaluation and treatment to restore his competency to proceed to trial. ECF No. 1-2, pp. 1-4. Mr. McGarry is represented by counsel in this on-going state court proceeding. *Id.*

On March 6, 2012, Laura McGarry, who is not an attorney, attempted to file a habeas petition on behalf of Mr. McGarry challenging the orders of the Pierce County Superior Court. Mr. McGarry did not sign the petition nor is known whether he is aware that the petition was filed. Non-lawyers may not purport to act on someone else's behalf. Furthermore, a person represented by counsel cannot appear or act in his own behalf. *See* GR 2(g)(1), Local Rules of W.D. Wash.

Pursuant to 28 U.S.C. § 2242, an application for a writ of habeas corpus shall be in writing, signed and verified by the person for whose relief it is intended or by someone acting on his behalf. Rule 2(c)(5) of the Rules Governing § 2254 cases in the United States District requires that the petition be signed under penalty of perjury by the petitioner. The clear implication of these rules is that a petitioner, or someone legally acting on petitioner's behalf with knowledge of the contents of the petition, such as an attorney, must sign and verify the petition. The signature requirement of Rule 2(c)(5) of the federal habeas corpus rules serves not only to assure that the contents of the petition are verified under oath, but also to indicate that the filing of the petition itself was authorized by its purported petitioner. *See, e.g., Deutscher v. Angelone*, 16 F.3d 981, 982-84 (9th Cir.1984). Here, the petition is signed by Mr. McGarry's mother, but there is no indication that Mr. McGarry has authorized her to act on his behalf and she is not an attorney. Ms. McGarry swears under oath that she is familiar with her son's

REPORT AND RECOMMENDATION - 2

medical and psychiatric history through consultation with involved caregivers "at the signed consent of Petitioner Paul McGarry anytime he has been under medical or psychiatric care" (ECF No. 7, at 2) but there is no indication that Mr. McGarry has authorized her to act on his behalf in this petition.

More importantly, this habeas petition challenges the propriety of ongoing proceedings in Pierce County Superior Court. Generally, federal courts will not intervene in a pending criminal proceeding absent extraordinary circumstances where the danger of irreparable harm is both great and immediate. See *Younger v. Harris*, 401 U.S. 37, 45 46 (1971); see also *Fort Belknap Indian Community v. Mazurek*, 43 F.3d 428, 431 (9th Cir.1994), cert. denied, 116 S.Ct. 49 (1995) (abstention appropriate if ongoing state judicial proceedings implicate important state interests and offer adequate opportunity to litigate federal constitutional issues); *World Famous Drinking Emporium v. City of Tempe*, 820 F.2d 1079, 1082 (9th Cir.1987)(Younger abstention doctrine applies when the following three conditions exist: (1) ongoing state judicial proceeding; (2) implication of an important state interest in the proceeding; and (3) an adequate opportunity to raise federal questions in the proceedings).

Only in the most unusual circumstances is a petitioner entitled to have the federal court intervene by way of injunction or habeas corpus before the jury comes in, judgment has been appealed from and the case concluded in the state courts. *Drury v. Cox*, 457 F.2d 764, 764 65 (9th Cir.1972). See *Carden v. Montana*, 626 F.2d 82, 83 84 (9th Cir.), *cert. denied*, 449 U.S. 1014 (1980). Extraordinary circumstances exist where irreparable injury is both great and immediate, for example where the state law is flagrantly and patently violative of express constitutional prohibitions or where there is a showing of bad faith, harassment, or other unusual circumstances that would call for equitable relief. *Younger*, 401 U.S. at 46, 53-54. There are no

REPORT AND RECOMMENDATION - 3

extraordinary circumstances here warranting intervention by this Court in any ongoing state proceeding.

In addition, federal courts may intervene in the state judicial process only to correct wrongs of a constitutional dimension. *Engle v. Isaac*, 456 U.S. 107, 102 S.Ct. 1558, 71 L.Ed.2d 783 (1982). Federal habeas corpus relief does not lie for mere errors of state law. *Estelle v. McGuire*, 502 U.S. 62, 112 S. Ct. 475, 116 L.Ed.2d 385 (1991); *Lewis v. Jeffers*, 497 U.S. 764, 110 S. Ct. 3092, 111 L.Ed.2d 606 (1990); *Pulley v. Harris*, 465 U.S. 37, 41, 104 S. Ct. 871, 79 L.Ed.2d 29 (1984). A federal court cannot grant a writ of habeas corpus to a state prisoner with respect to any claim adjudicated on the merits in state court unless the state court's adjudication of the claim (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. 28 U.S.C. § 2254(d). State court decisions must be given the benefit of the doubt. *Woodford v. Visciotti*, 537 U.S. 19, 24, 123 S.Ct. 357 (2002).

In addition, before a federal court may review a petitioner's state court claim, a petitioner must "fairly present" his claim in each appropriate state court, including the highest state court with powers of discretionary review, thereby giving those courts the opportunity to act on his claim. *Baldwin v. Reese*, 541 U.S. 27, 29, 124 S.Ct. 1347, 158 L.Ed.2d 64 (2004); *Duncan v. Henry*, 513 U.S. 364, 365–66, 115 S.Ct. 887, 130 L.Ed.2d 865 (1995); *see Casey v. Moore*, 386 F.3d 896, 916 (9th Cir.2004) (noting that "to exhaust a habeas claim, a petitioner must properly raise it on every level of direct review"). A petitioner fairly presents a federal claim only if he alerts the state court that his claim rests on the federal Constitution. *Fields v. Waddington*, 401

REPORT AND RECOMMENDATION - 4

F.3d 1018, 1020–21 (9th Cir.2005). Mr. McGarry has not yet been convicted, much less had a state appellate court reviewed his state court conviction.

The petition is not signed and verified in accordance with 28 U.S.C. § 2242. In addition, Mr. McGarry is a pre-trial detainee, with retained counsel, who has been ordered to undergo evaluation and treatment to restore his competency to proceed to trial in state court. There are no grounds for federal court intervention. This action should be dismissed without prejudice.

## CONCLUSION

This action should be **DISMISSED WITHOUT PREJUDICE**. All pending motions should be **DENIED.**

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **April 27, 2012**, as noted in the caption.

**DATED** this  10th  day of April, 2012.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 5